IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-00633-BO

**Maulin Shah, J.D. & Kesha Shaw, M.D.**,

    Plaintiffs,

v.

**CIGNA Health Management, Inc. & CIGNA Healthcare, Inc.**,

    Defendants.

**Memorandum & Recommendation**

    Plaintiffs Maulin Shah and Kesha Shah began this action in October 2020 by filing a complaint in North Carolina District Court. Compl. at 1, D.E. 1–4. The Shahs allege that Defendants CIGNA Health Management, Inc. and CIGNA Healthcare, Inc. improperly denied them insurance coverage for certain medication. *Id.* The Summons and Complaint included the Shahs' address. Summons at 1, D.E. 1–3; Compl. at 1.

    The CIGNA Defendants removed the case to this court in late November 2020. Notice of Removal, D.E. 1. They claim that the federal courts have jurisdiction over this matter because the Shahs' claims arise under the ERISA. *Id.* ¶ 4.

    The Clerk of Court notified the Shahs (at the address listed on their Complaint) on December 2, 2020 that the court's local rules required them to file a notice of self-representation no later than 14 days after removal. D.E. 8. The notice also told the Shahs that the local rules required them to file a disclosure form. *Id.*

    But the Shahs' did not file either form. So on December 16, 2020, the Clerk again notified the Shahs (at the address listed on their Complaint) of their obligation to file the required forms.

D.E. 11. The Clerk's informed them that if they did not file the forms within 14 days the case would be "referred to the presiding Judge for review." *Id*.

The 14-day deadline came and went without the Shahs filing anything. So on January 6, 2021, the Clerk forwarded this matter to the presiding judge who, in turn, referred this matter to the undersigned magistrate judge.

The court then set a show cause hearing and sent the Shahs (at the address listed on their Complaint) a copy of the order setting the hearing. D.E. 12. The order contained information about the date, time, and location of the hearing. *Id.* It also warned the Shahs that if they did not appear at the hearing, the court may dismiss their case. *Id*.

But the Shahs did not show up for the hearing. When they were not present at the scheduled time for the hearing, the court waited another 15 minutes before opening court. Yet the Shahs never appeared. Nor did they notify the court of a reason why they could not be present.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action sua sponte for a party's failure to prosecute or for failure to comply with its orders. The Fourth Circuit has given lower courts four factors to consider when deciding whether to exercise this power. First, a court should consider "the degree of personal responsibility on the part of the plaintiff[.]" *Davis* v. *Williams*, 588 F.2d 69, 70 (4th Cir. 1978). Second, "the amount of prejudice to the defendant caused by the delay[.]" Third, "the presence or absence of a 'drawn out history' of 'deliberately proceeding in a dilatory fashion[.]'" *Id.* And, fourth, "the effectiveness of sanctions less drastic than dismissal." *Id*.

After considering the relevant factors, it is appropriate for the court to dismiss this action. The Shahs have ignored both letters from the Clerk instructing them to comply with the most basic aspects of the court's local rules. And they ignored the court's order setting the show cause hearing.

2

Case 5:20-cv-00633-BO   Document 14   Filed 02/10/21   Page 2 of 3

Since the Shahs are representing themselves, they bear sole responsibility for their non-compliance. And while the CIGNA Defendants have suffered no real prejudice at this point, there is no sanction falling short of dismissal that would effectively address the Shahs' complete disregard for this court and its instructions. So the undersigned recommends that the court dismiss this action without prejudice.

The Clerk of Court must serve a copy of this Memorandum and Recommendation ("M&R") on each party who has appeared in this action. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: February 10, 2021

_____
Robert T. Numbers, II
United States Magistrate Judge