IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-633-BO

MAULIN SHAH, JD and KESHA SHAH, MD, )
             Plaintiffs, )
)
v. )    O R D E R
)
CIGNA HEALTH MANAGEMENT, INC., )
and CIGNA HEALTHCARE, INC. )
             Defendants. )

     This cause comes before the Court on the memorandum and recommendation (M&R) of United States Magistrate Judge Robert T. Numbers, II pursuant to 28 U.S.C. § 636(b). [DE 14]. No response or objection to the M&R has been filed, and the time for doing so has expired. The M&R is ripe for review.

     Plaintiffs initiated this action by filing a complaint in North Carolina District Court. Plaintiffs allege that defendants improperly denied health coverage for certain medication. The defendants subsequently removed the action to this Court on the basis of its federal question jurisdiction. [DE 1].

     Following removal, the Clerk of this Court notified plaintiffs, who proceed in this action *pro se*, that they were required to file certain documents pursuant to the Court's Local Rules. Plaintiffs failed to comply with the Clerk's directive, and the matter was ultimately referred to Magistrate Judge Numbers. Magistrate Judge Numbers conducted a show cause hearing at which plaintiffs failed to appear.

     Magistrate Judge Numbers subsequently filed the instant M&R recommending that the case be dismissed for failure to prosecute and failure to comply with an order of the Court.

Plaintiffs were notified of their right to object to the recommendation and the time for doing so. The time for filing an objection has expired and plaintiffs have failed to file an objection or seek an extension of time within which to do so.

A district court is required to review de novo those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). "[I]n the absence of a timely filed objection, a district court need not conduct de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation and citation omitted).

The Court is satisfied there is no clear error on the face of the record and ADOPTS the M&R. This action is DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The clerk is DIRECTED to close the case.

SO ORDERED, this _6_ day of April, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE